UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**Alejandro De Renzis,**

    Plaintiff(s),

v.

**Boston Market Corporation
and FL Foodies LLC**

    Defendants.
_____/

## COMPLAINT

Plaintiff Alejandro De Renzis, by and through the undersigned counsel, hereby sues Defendantss, Boston Market Corporation and FL Foodies LLC, ("Defendants"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), Florida Minimum Wage Act, 26 U.S.C. § 7434. and breach of contract.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Mr. De Renzis started working for the companies on February 7, 2022, as a manager.

8. Mr. De Renzis was in charge of managing thirteen (13) restaurants. Mr. De Renzis used to work seventy-five (75) hours per week and performed job duties as a laborer beyond his managerial responsibilities.

9. Nevertheless, he did not receive any compensation for the hours of overtime he worked for both companies.

10. Under the terms of their agreement, Mr. De Renzis would be paid $575.00 a month plus $0.21 per mile for using his own vehicle. Nevertheless, Boston Market and Foodies owes Mrs. De Renzis $2,404.33 for the last three months of nonpayment concerning his car.

11. Furthermore, Mr. De Renzis discovered that while Boston Market and Foodies had taken taxes out of his salary, they had never been submitted or reported to the IRS.

12. A figure that, in Mr. De Renzis' estimation, comes to $9,372.59.

13. In addition, Mr. De Renzis accumulated $2,769.00 in unpaid salary over the final two weeks of his employment at Boston Market and Foodies.

14. Mr. De Renzis worked approximately one thousand two hundred ninety-eight (1298) overtime hours during his tenure at Boston Market and Foodies, from February 7, 2022, to August 20, 2023.

15. Also, Mr. De Renzis used to make $26.65 per hour.

16. Nonetheless, Mr. De Renzis was not paid the appropriate one and-one-half rate required by the FLSA for his overtime hours.

17. It is clear that Boston Market and Foodies owes Mr. De Renzis $51,881.06 in unpaid overtime wages.

18. Defendantss are joint employers of Plaintiffs and also run a joint enterprise in which both corporations and their officers jointly had the ability to control the Plaintiff's work, schedules, pay rates, and could hire and fire Plaintiffs.

## COUNT I
### *Wage & Hour Federal Statutory Violation against Both Defendants*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

20. This action is brought by Plaintiff to recover from Defendants unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

21. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

22. At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendants obtains and solicits funds from non-Florida sources, accepts

funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

23. Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

24. By reason of the foregoing, the Defendants is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendants's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendants likewise affects interstate commerce.

25. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

26. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendants as set forth above. As such, Plaintiff is entitled to recover double damages.

27. To the extent that Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586

F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Violation of 26 U.S.C. § 7434*
*Against Both Defendants*

1. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

2. IRS Form 1099-MISC and Form W-2 constitute information returns as contemplated by 26 U.S.C. § 7434.

3. By the conduct described above, Defendants issued one or more information returns regarding taxable wage payments made to Plaintiff by Defendants.

4. The information returns issued by Defendants were fraudulent in that they unlawfully classified Plaintiff's compensation as that of a nonemployee and/or incorrectly reported the amount of compensation paid to Plaintiff.

5. Defendants willfully issued fraudulent information returns for the express purpose of unlawfully evading its rightful tax burden and shifting it to Plaintiff.

6. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' unlawful business practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Enter an award against Defendants and in favor of Plaintiff for any actual or statutory damages incurred as the result of Defendants' unlawful conduct described herein;

b. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## BREACH OF CONTRACT FOR FAILURE TO PAY EARNED WAGES
### *Against Both Defendants*

1. Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this complaint as if fully set forth herein.

2. As described herein, Defendants, pursuant to the agreement was to compensate Plaintiff for the agreed upon payment.

3. To date, Plaintiff is owed compensation for work performed for the Defendants.

4. During the period encompassing June 1 2019 through June 1, 2021, Plaintiff has strictly abided by the terms of the agreement. While Defendants have received full compensation for the work covered in the agreement, Defendants has withheld full payment of wages earned by Plaintiff during the relevant period and have continually refused to remit the earned wages to Plaintiff.

5. Defendants' actions are in breach of the Agreement as contrary to the intent and conduct of the parties since the Agreement was entered into in June 2019.

6. Defendants' conduct is in breach of the implied covenant of good faith and fair dealing found in every contract, including Agreement entered into between Plaintiff and the Defendants.

   A. WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants for compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 12/8/23

Respectfully submitted,

s/Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000